# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| IN RE SWISHER HYGIENE, INC. SECURITIES AND DERIVATIVE LITIGATION | MDL DOCKET NO.: 3:12-MD-2384-GCM |
| CLARENCE ARSENAULT, <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>STEVEN R. BERRARD, et al., <br><br>　　　　　　Defendants. <br><br>and <br><br>SWISHER HYGIENE, INC., <br><br>　　　　　　Nominal Defendant. | MEMBER CASE DOCKET NO.: <br> 3:12-cv-02386-GCM |

## NOTICE OF VOLUNTARY DISMISSAL AND ORDER DISMISSING VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

WHEREAS, on May 21, 2012, Clarence Arsenault ("Arsenault") filed his derivative action complaint in the United States District Court for the Southern District of New York;

WHEREAS, the complaint has not been served on any of the individual defendants or nominal defendant Swisher Hygiene, Inc. ("Swisher");

WHEREAS, the action was subsequently transferred to the United States District Court for the Western District of North Carolina where other related class actions were already pending before the Court;

WHEREAS, on October 24, 2012, the Court stayed the action pending resolution of a consolidated class action captioned *In re Swisher Hygiene, Inc. Securities and Derivative Litigation*, MDL Docket No. 3:12-MD-2384-GCM ("Consolidated Class Action") (Dkt. No. 36);

WHEREAS, on August 6, 2014, the Court approved a settlement of the Consolidated Class Action (Dkt. No. 107);

WHEREAS, none of the named defendants have filed an answer to the complaint or a motion for summary judgment; and

WHEREAS, Arsenault seeks to dismiss his derivative action pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i).

NOW THEREFORE:

1. The Complaint is dismissed and all claims asserted against all defendants therein are dismissed with prejudice as to Arsenault.

2. Each side shall bear his or their own fees, expenses and costs incurred in connection with this action, provided that this Notice and Order does not affect any defendant's right to indemnification, advancement or insurance.

3. Because this suit is dismissed without prejudice as to Swisher or any Swisher stockholders other than Arsenault, and no compensation in any form has passed or will pass directly or indirectly to Arsenault or his attorneys, the voluntary dismissal of this action does not require any notice to stockholders pursuant to Rule 23.1(c). *See Sheinberg v. Fluor Corporation*, 91 F.R.D. 74 (S.D.N.Y. 1981)

(not requiring notice under Rule 23.1(c) where dismissal did not affect the rights of any party other than the named plaintiff).

|  | Respectfully submitted,<br><br>*s/ Peyton J. Healey*<br>Patrick W. Powers<br>Peyton J. Healey<br>patrick@powerstaylor.com<br>peyton@powerstaylor.com<br>POWERS TAYLOR LLP<br>8150 North Central Expressway, Suite 1575<br>Dallas, Texas 75206<br>Tel: (214) 239-8900<br><br>Brian C. Kerr<br>BROWER PIVEN<br>488 Madison Avenue, 8th floor<br>New York, New York 10022<br>Tel: (212) 501-9000<br>kerr@browerpiven.com<br><br>THE BRISCOE LAW FIRM, PLLC<br>Willie C. Briscoe<br>8150 North Central Expressway, Suite 1575<br>Dallas, Texas 75206<br>Tel: (214) 239-4568<br>wbriscoe@thebriscoelawfirm.com<br><br>*Attorneys for Plaintiff Clarence Arsenault* |
|---|---|
| Dated: February 4, 2016 |  |

**SO ORDERED.**

Signed: February 9, 2016

Graham C. Mullen
United States District Judge